SUMMARY ORDER
Plaintiff-Appellant Farah Jaquith appeals from a judgment of the United States District Court for the Southern District of New York (Seibel, J.), entered following a jury verdict in favor of Defendant-Appellee, South Orangetown Central School District (“School District”). We assume the parties’ familiarity with the underlying facts, procedural history, and specification of the issues on appeal.
Jaquith argues that the district court erroneously rejected her claim that two of the School District’s peremptory challenges during jury selection were exercised for racially discriminatory reasons. See Batson v. Kentucky, 476 U.S. 79, 96-98, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 630, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991) (applying Batson analysis to civil cases). “[T]he ultimate question of discriminatory intent represents a finding of fact that will be set aside only if clearly erroneous.” United States v. Taylor, 92 F.3d 1313, 1326 (2d Cir.1996). There was no clear error here.
Jaquith made out a prima facie Batson claim by demonstrating that two of the School District’s three peremptory strikes were used to strike prospective jurors who appeared to be African-American, removing the only such individuals who had been empaneled. See Green v. Travis, 414 F.3d 288, 299 (2d Cir.2005). In response, the School District offered race-neutral explanations for its decision to strike each of the two jurors. Counsel for the School District noted that the first juror stricken had indicated that his wife was disabled, and that Jaquith’s claims included allegations that the School District had failed to accommodate her requests for reassignment following cancer surgery. This led counsel to conclude that the juror might tend to favor the plaintiff. Counsel then explained that the second juror stricken had stated that she was present because then just-inaugurated “President Obama said everybody should serve,” leading counsel to conclude that she “seemed a little bit over-eager to try to do good as a preconceived notion of what good might be.” Counsel further indicated that his concern had “nothing to do with race,” but rather had “more to do with political affiliation and ideas that a person — certain political persuasion may have with respect to a case.” While the district court indicated its disagreement with counsel’s reasoning as to the second juror, it concluded that the asserted reasons for the peremptory strikes were not a pretext for discrimination.
As this Court has emphasized previously, the race-neutral explanations offered in response to a Batson challenge “need not be ‘persuasive, or even plausible’ for the non-movant to meet his obligation at step two of the Batson procedure and thereby advance the inquiry to the third step.” See Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir.2006) (quoting Purkett v. Elem, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)). At that third step, “ ‘the decisive question’ ” typically will be “ ‘whether counsel’s race-neutral explanation for a *655 peremptory challenge should be believed.’ ” McKinney v. Artuz, 326 F.3d 87, 98 (2d Cir.2003) (quoting Hernandez v. New York, 500 U.S. 352, 365, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991)). The record here indicates that the district court made the required assessment of credibility, and we find no clear error in the court’s decision to credit the School District’s race-neutral explanations for its peremptory challenges.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.